UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE
PORTLAND DIVISION

_____

IN RE: GRAND JURY PROCEEDINGS   )
CONCERNING MST MINERALIEN       )
SCHIFFAHRT SPEDITION UND        )        No.
TRANSPORT GMBH and REEDEREI     )
MS MARGUERITA GMBH & CO.        )
GESCHLOSSENE INVESTMENT-KG      )

_____

**MST MINERALIEN SCHIFFAHRT SPEDITION UND TRANSPORT GMBH
AND REEDEREI MS MARGUERITA GMBH & CO. GESCHLOSSENE
INVESTMENT-KG's MOTION TO QUASH
<u>GRAND JURY SUBPOENAS DATED AUGUST 14, 2017</u>**

**COMES NOW,** MST MINERALIEN SCHIFFAHRT SPEDITION UND TRANSPORT GMBH ("MST") and REEDEREI MS MARGUERITA GMBH & CO. GESCHLOSSENE INVESTMENT-KG ("Reederei") by and through undersigned counsel, and hereby files their Motion to Quash, Grand Jury Subpoenas dated August 14, 2017 in accordance with FED. R. CRIM. P. 17.

Dated: Portland, Maine
       August 21, 2017                    /s/ Peter E. Rodway
                                          Peter E. Rodway
                                          RODWAY & HORODYSKI
                                          P.O. BOX 874
                                          PORTLAND, ME 04104
                                          207-773-8449
                                          Email: rodlaw@maine.rr.com

                                          -and-

        CHALOS & Co, P.C.

        /s/ George M. Chalos
        George M. Chalos
        *Pro Hac Vice Application Forthcoming*
        55 Hamilton Avenue
        Oyster Bay, New York 11771
        Telephone:   (516) 714-4300
        Facsimile:    (516) 750-9051
        Email:        gmc@chaloslaw.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 21, 2017, I arranged for a copy of the foregoing Motion to Quash Grand Jury Subpoenas dated August 14, 2017 to be served via E-mail on counsel for the United States of America, as follows:

*Attorneys for United States of America*

    Shane Waller
    John Cashman
    Jon Chapman
    100 Middle Street
    East Tower, 6th Floor
    Portland, ME 04101
    (207)780-3257
    shane.waller@usdoj.gov
    John.Cashman@usdoj.gov
    Jon.Chapman@usdoj.gov


    Jon Lavallee
    United States Coast Guard
    Jon.D.Lavallee@uscg.mil

        /s/ Peter E. Rodway
        Peter E. Rodway

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE
PORTLAND DIVISION

_____

IN RE: GRAND JURY PROCEEDINGS  )
CONCERNING MST MINERALIEN     )
SCHIFFAHRT SPEDITION UND       )         No.
TRANSPORT GMBH and REEDEREI   )
MS MARGUERITA GMBH & CO.      )
GESCHLOSSENE INVESTMENT-KG     )
_____


**MST MINERALIEN SCHIFFAHRT SPEDITION UND TRANSPORT GMBH AND REEDEREI MS MARGUERITA GMBH & CO. GESCHLOSSENE INVESTMENT-KG's MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH GRAND JURY SUBPOENAS DATED AUGUST 14, 2017**

**COMES NOW,** MST MINERALIEN SCHIFFAHRT SPEDITION UND TRANSPORT GMBH ("MST") and REEDEREI MS MARGUERITA GMBH & CO. GESCHLOSSENE INVESTMENT-KG ("Reederei") (hereinafter "Movants") by and through undersigned counsel, who submits this Memorandum of Law in support of its Motion to Quash Grand Jury Subpoenas, dated August 14, 2017, but not served until August 15, 2017. Copies of the Grand Jury Subpoenas are attached hereto as **Exhibit 1**.

**FACTUAL AND PROCEDURAL BACKGROUND**

The M/V MARGUERITA, (IMO 9717515) is a 2016 bulk carrier with the possibility to load liquid cargoes. The Vessel is owned by Reederei and managed by MST. The Vessel operates under the supervision of the Liberian Flag State Administration[1] and Lloyd's Register as her

---

[1] The flag state of a commercial vessel is the sovereign under whose laws the vessel is registered or licensed and is tasked with certifying a ship's compliance with international standards. *See, e.g., United States v. Abrogar*, 459 F.3d 430, 432 (3d Cir. Aug. 18, 2006); *European-Am. Banking Corp. v. M/S Rosaria*, 486 F. Supp. 245, 254 (S.D. Miss. 1978).

1

Classification Society.[2]  On or about June 19, 2017, in advance of the Vessel's arrival in Portland, Maine, Movants learned of suspected shipboard misconduct, following which a voluntary disclosure pursuant to, *inter alia*, U.S. Coast Guard Appendix V – Voluntary Disclosure Protocol was presented to the U.S. port state authority.[3]  In brief, it was learned from a crewmember that the Vessel's Chief Engineer had made at least one (1) unknown, unwanted, and unrecorded discharge of bilge water.  In accordance with the applicable environmental protection practices and procedures on the Vessel, prompt remedial measures were taken.  Similarly, an investigation into the allegations was launched.  An independent third-party was engaged to perform an unannounced environmental audit at the Vessel's next port of call, Brazil.  A copy of the MARPOL audit was provided to the U.S. port state authorities as soon as it was received.  Of interest, the third-party auditors who attended on board have been made available and have met with the government lawyers presently handling the matter.

Upon arrival in Maine, the Vessel was boarded on July 7, 2017, by a team of no less than thirteen (13) Coast Guard agents to conduct a purported Port State Control expanded exam.  The Vessel was detained by the Coast Guard, as her departure clearance was withdrawn on the grounds of a suspected violation of the Act to Prevent Pollution from Ships 33 U.S.C. § 1901, *et seq*. (hereinafter "APPS").[4]  Parallel litigation concerning the unlawful detention of the crew is pending

---

[2] "A classification society . . . develops rules, guides, standards, and other criteria for the design and construction of ships." *American Bureau of Shipping v. Tencara Shipyard S.P.A.,* 170 F.3d 349, 351, 1999 U.S. App. LEXIS 4254, *3, 1999 AMC 1858 (2d Cir. 1999).  Classification societies are "organized societies which undertake to arrange inspections and advise on the hull and machinery of a vessel from its initial stages in new building and thereafter. The societies produce a certificate concerning the vessel's seaworthiness in accordance to the trade within which it is intended to, or does, work." Damien L. O'Brien, *The Potential Liability of Classification Societies to Marine Insurers Under United States Law*, 7 U.S.F. Mar. L.J. 403, 403 (1995).

[3] Port state control is an internationally agreed regime  for the inspection of foreign ships while in the ports of other countries.  *Abrogar*, 459 F.3d 430, 432 (3d Cir. Aug. 18, 2006).

[4] APPS is the U.S. Codification of MARPOL 73/78. "MARPOL is not a self-executing treaty; instead, each party agrees to "give effect" to it. MARPOL, art. 1(1), 1340 U.N.T.S. at 63, 184. In particular, each party to the treaty agrees

before this Honorable Court. The grand jury is investigating conduct occurring onboard the M/V MARGUERITA while in U.S. waters.

On or about Thursday August 3, 2017, grand jury subpoenas, addressed to MST and Reederei, were received by Attorney Chalos (by email), after the close of business in Germany. *See* **Exhibit 2**. These subpoenas commanded the production of forty-three (43) broad categories of documents. *See* **Exhibit 2**.[5] These forty-three (43) categories requested documents encompassing a two (2) year period beginning as early as January 1, 2016. Both grand jury subpoenas required responses by a virtually impossible return date of August 8, 2017: *i.e.* two (2) business days to produce tens of thousands of documents. Given the massive volume of responsive documents, a request was presented to the government to narrow the scope of documents in furtherance of the government's stated desire for "speed." *See* correspondence at **Exhibit 3**. The government refused, but acknowledged that the return date of August 8, 2017 was unreasonable. *Id*.

Reederei keeps no responsive documents. All responsive records are kept by MST. MST immediately began diligently searching and identifying responsive documents. Notably, both subpoenas included a proposed Certificate of Authenticity of Business Records form from the prosecutors. *See* **Exhibit 2**. This form is commonly used in many districts and permits a records custodian to authenticate the responsive documents in accordance with Federal Rules of Evidence 803(6) and 902(11). *Id*.

---

to set up rules for ships that fly that party's flag, and each is responsible for certifying that such ships comply with the treaty rules." *United States v. Ionia Mgmt. S.A*., 555 F.3d 303, 307 (2d Cir. Jan. 20, 2009).

[5] Although dated August 1, 2017 and August 2, 2017, the subpoenas were not served until August 3, 2017.

3

On Tuesday August 15, 2017,[6] the government served new grand jury subpoenas commanding the attendance of a records custodian from Movants at the U.S. District Court in Portland, Maine on August 22, 2017 at 8:00 a.m. *See* **Exhibit 1**. The government's covering email called for the custodians to "bring the documents responsive to our August 3, 2017, Grand Jury Subpoenas, and be prepared to testify regarding the documents." *Id*. The government was timely informed that no records custodian was available to appear on August 22, 2017 (*i.e.* a request which would require an individual to begin his journey to Portland a mere two (2) possibly three (3) business days later). The government was also informed that responsive documents were being gathered for production as quickly as possible; and repeatedly assured that a Certificate of Authenticity of Business records would be provided upon completion of the production. *See* correspondence at **Exhibit 4**.

To date, and following great efforts, (approximately) 28,342 pages of documents[7] have been produced. An additional 3,000 – 4,000 responsive electronic communications will be produced shortly (*i.e.* within tonight). *See* **Exhibit 6**. Absent unforeseen circumstances, the Certificate of Authenticity of Business Records from the records custodian will follow (assumedly within tomorrow, Tuesday August 22, 2017 or Wednesday, August 23, 2017). Notwithstanding, and despite repeated requests for an agreement (the most recent of which being earlier today (*see* Exhibit 6)), Movants have been left with no choice but to file this motion to quash subpoenas requiring a records custodian to attend in person in Portland, Maine.

---

[6] Although dated August 14, 2017, the subpoenas were not served until August 15, 2017 under cover of an email sent at 9:45 am and received at or after the movants' close of business. MST's office is located in a time zone that is six (6) hours ahead of Portland.

[7] Production was made pursuant to agreement over a rolling basis, which included productions throughout the weekend, on August 17, 2017, August 18, 2017, and August 19, 2017.

## ARGUMENT

## THE GRAND JURY SUBPOENAS MUST BE QUASHED, AS THE DEMAND FOR A RECORDS CUSTODIAN TO APPEAR IN PORTLAND IS AN UNREASONABLE AND OPPRESSIVE ABUSE OF PROCESS

### A.     Applicable Standard

The power of a grand jury subpoena is limited by Rule 17(c), which provides that "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive."  FED. R. CRIM P. 17(c)(2); s*ee also United States v. R. Enterprises, Inc.*, 498 U.S. 292, 299 (1991).  It has long been held that the Federal Courts are required to quash unreasonable and oppressive federal grand jury subpoenas.  *See In re Grand Jury Subpoenas Duces Tecum Addressed to Certain Executive Officers of the M.G. Allen & Assoc. Inc.*, 391 F. Supp. 991 (D. R.I. 1975); *see also Halve v. Henkel*, 201 U.S. 43 (1906); *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186 (1946); *Schwimmer v. United States*, 232 F.2d 855 (8th Cir.), *cert. denied*, 352 U.S. 833 (1956); *United States v. Gurule*, 437 F.2d 239 (10th Cir.), *cert. denied sub nom*, *Baker v. United States*, 403 U.S. 904 (1971); *In re Grand Jury Subpoena Duces Tecum, etc.*, 203 F. Supp. 575 (S.D.N.Y. 1961); *In re Grand Jury Subpoena Duces Tecum*, 342 F. Supp. 709 (D. Md. 1972).

It is well-established that under FED. R. EVID. 902(11) that, "in lieu of live testimony, the foundation for admissibility of a business record may be established by a certification that complies with Rule 902(11)." *Rambus, Inc. v. Infineon Techs, AG*, 348 F. Supp. 2d 698, 701 (E.D. Va. 2004); *see also Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 522 (D. Md. 2007) (Rule 902(11) was "intended to '[set] forth a procedure by which parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness.'") (citing FED. R. EVID. 902(11) advisory committee's note); *United States v. Tsoa*, 2013 U.S. Dist. LEXIS

5

155089, *4 (E.D. Va. 2013) ("The most appropriate way to view Rule 902(11) is as the functional equivalent of testimony offered to authenticate a business record tendered under Rule 803(6) because the declaration permitted by Rule 902(11) serves the same purpose as authenticating testimony."). Here, it is undisputed that the records custodian will not have knowledge of any shipboard matters relating to the M/V MARGUERITA, arising either at sea, within the jurisdictional bounds of this Court or elsewhere. It is similarly beyond dispute that records maintained at a foreign corporate headquarters have nothing to do with the records maintained on board the Vessel and/or matters to be considered by a grand jury in Portland.

**B.     It is unreasonable and oppressive to require a Records Custodian to travel to the United States on unreasonably short notice to testify regarding the documents already produced in response to Grand Jury Subpoenas.**

This issue is a well-worn wheel in similar investigations. Records custodians are almost never requested to attend before the grand jury, absent unusual circumstances. In a virtually identical "vessel case" in the Southern District of Alabama, the Court easily quashed a grand jury subpoena requiring a records custodian from Italy travel to the United States to testify before the grand jury. Like here, that matter involved an investigation of unknown and unwanted shipboard misconduct and potentially corresponding vicarious charges against the shipowner and manager. *United States v. Giuseppe Bottiglieri Shipping Company, S.p.A., et al.*, 15-cr-57 (S.D. Ala. Apr.19, 2012), copy attached at **Exhibit 5**. In that matter, the government had similarly provided the owner and manager of an oceangoing vessel, the M/V BOTTIGLIERI CHALLENGER, with a draft affidavit to be completed by a records custodian. *Id*. A few weeks later when the government demanded an appearance by records custodians before the grand jury, the vessel's owner and manager challenged the request. In granting the motion to quash the grand jury subpoena in part, the Court found that the records custodian's affidavit was sufficient to satisfy the needs of the

6

grand jury. *Id.*, p. 11. The Court flatly rejected the government's argument that "live" testimony from the witness was necessary for the grand jury to evaluate the witness and/or the authenticity of the records. *Id*. The Court held that, "The Government offers no explanation for why use of the declaration, as proposed by the Government in February, is no longer a viable option. ***Simply put, if a sworn declaration containing the specific information required by the Government was deemed sufficient to meet the Grand Jury's needs in February, it stands to reason that a sworn declaration, containing the information requested by the Grand Jury will still meet those needs.***" *Id*., at pp. 11-12, (emphasis added). Similarly, the government in this case has offered no grounds or explanation as to the need for foreign records custodians, located abroad, to come to Portland, Maine, on unreasonably short notice. No explanation as to why a declaration is insufficient when it was clearly adequate when the subpoenas were initially served by email, is "curious" at best. *See* **Exhibit 2**.

The only information that the grand jury could learn from the records custodian is that the documents are business records of MST; a fact which is conceded and has never been disputed. A much less drastic means exist in which such sworn testimony could be obtained in this case, *i.e*. the production of a sworn affidavit from the custodian of records in accordance with FED. R. EVID. 902(11) and 803(6). Here the form ***was provided*** by the government and affirms, *inter alia*, that:

> [T]he attached records are originals or true copies of records which:
>
> (A) Were made at or near the time of the occurrence of the matters set forth in the records by a person with knowledge of those matters, or from information transmitted by a person with knowledge of those matters;
> (B) Were kept in the course of regularly conducted business activity;
> (C) Were made by the said business activity as a regular practice; and
> (D) If not original records, are duplicates of original records.

*See* **Exhibit 2**.

As such, it is respectfully submitted that requiring a records custodian to travel from Bavaria, Germany to Portland, Maine, on incredibly short notice (*i.e.* – two (2) to three (3) business days), to appear in person to say precisely what is stated in the declaration is an unreasonable, oppressive and unjustifiable abuse of the grand jury process as:

1) Neither Reederei nor MST operate an office in the District of Maine or elsewhere in the United States;

2) Neither Reederei nor MST have any employees based in the District of Maine or elsewhere in the United States;

3) Both Reederei and MST are both foreign business entities domiciled in Germany;

4) Affidavits from the Custodian of Records authenticating the documents produced in response to the previous grand jury subpoenas all in accordance with the local practice of the District of Maine and Federal Rule of Evidence 902(11) are being provided;

5) The Records Custodians would not be fact witness for the grand jury.

It is respectfully requested that the Court issue an Order pursuant to FED. R. CRIM. P. 17(c), quashing the grand jury subpoena, as it unreasonable and oppressive to require records custodian to travel to the District of Maine[8] merely to certify the business records which may be authenticated under the Federal Rules of Evidence through an appropriate Certificate of Authenticity.

## **CONCLUSION**

**WHEREFORE,** for the reasons set forth more fully above, MST MINERALIEN SCHIFFAHRT SPEDITION UND TRANSPORT GMBH and REEDEREI MS MARGUERITA GMBH & CO. GESCHLOSSENE INVESTMENT-KG respectfully request that the instant Motion to Quash Grand Jury Subpoenas dated August 14, 2017, be granted, quashing the requirement for Movants' Records Custodia to attend the grand jury proceedings in Portland,

---

[8] In the event that this Honorable Court directs records custodians to attend, it is respectfully submitted that the custodian would be available to be in Portland, Maine on September 8, 2017. This information has been provided to counsel for the government. *See* **Exhibit 6**.

8

Maine, and that the Court grant such further and other relief equitable and just under the circumstances.

Dated: Portland, Maine
     August 21, 2017                    /s/ Peter E. Rodway
                                          Peter E. Rodway
                                          RODWAY & HORODYSKI
                                          P.O. BOX 874
                                          PORTLAND, ME 04104
                                          207-773-8449
                                          Email: rodlaw@maine.rr.com

                                                -and-

                                          CHALOS & Co, P.C.

                                          /s/ George M. Chalos
                                          George M. Chalos
                                          *Pro Hac Vice Application Forthcoming*
                                          55 Hamilton Avenue
                                          Oyster Bay, New York 11771
                                          Telephone:   (516) 714-4300
                                          Facsimile:    (516) 750-9051
                                          Email:         gmc@chaloslaw.com

## CERTIFICATE OF SERVICE

       I hereby certify that on August 21, 2017, I arranged for a copy of the foregoing Motion to Quash Grand Jury Subpoenas dated August 14, 2017 to be served via E-mail on counsel for the United States of America, as follows:

*Attorneys for United States of America*

    Shane Waller
    John Cashman
    Jon Chapman
    100 Middle Street
    East Tower, 6th Floor
    Portland, ME 04101
    (207)780-3257
    shane.waller@usdoj.gov
    John.Cashman@usdoj.gov
    Jon.Chapman@usdoj.gov

    Jon Lavallee
    United States Coast Guard
    Jon.D.Lavallee@uscg.mil

                                                          /s/ Peter E. Rodway
                                                           Peter E. Rodway